# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. 11-0306-CG-B |
| | ) | |
| EUGENIU CATAREV, et al., | ) | |
| | ) | |
| Defendant | ) | |

## ORDER

This matter is before the court on defendant's motion to dismiss (Doc. 35) and the Government's response (Doc. 40). For the reasons explained below, the court finds no merit to defendant's argument and finds that the motion should be denied.

Defendant is charged in Count One of violating 18 U.S.C. § 371 by conspiring to violate 8 U.S.C. § 1325(c) by knowingly entering into marriage for the purpose of evading a provision of the immigration laws of the United States. (Doc. 20). Count Two charges the defendant with violating 8 U.S.C. § 1325(c) by knowingly entering into a marriage with a United States citizen for the purpose of evading a provision of the immigration laws. (Doc. 20). Defendant asserts that both counts One and Two should be dismissed because (1) the Attorney General approved defendant's marriage in accordance with 8 U.S.C. § 1186a(b) and the court lacks jurisdiction to contravene this previous determination; and (2) the Attorney General is prohibited from asserting that the marriages are improper because he failed to determine within two years of their having obtained conditional permanent residence status that their marriages were improper. (Doc. 35).

In support of his first argument, defendant cites case law that held that federal courts could not review certain administrative immigration decisions.  The Eleventh Circuit held that it had no jurisdiction to review a Board of International Appeals ("BIA") decision denying a request from alien petitioners to reopen the underlying administrative proceedings because "the BIA's decision … is committed to agency discretion by law." <u>Lenis v. U.S. Atty. General</u>, 525 F.3d 1291, 1294 (11th Cir. 2008).  The Second Circuit held that it had no jurisdiction to review an immigration judge's decision denying an alien petitioner's request for permanent resident status because the determination fell within the Attorney General's discretion. <u>Astilov v. Gonzales</u>, 468 F.3d 112, 116 (2d. Cir. 2006).  However, in the instant case, the court has not been asked to review an administrative decision.  Defendant has been charged with violating a federal criminal statute.  The case law relied on by defendant does not support defendant's contention that the court lacks jurisdiction in this criminal case, and the court is aware of no other authority which would support that contention.

Defendant next argues that under 8 U.S.C. § 1186(a)(b), once the Attorney General  approved their marriage, the Attorney General had an obligation to take action to terminate the conditional permanent resident status "before the second anniversary of the alien's obtaining the status of lawful admission for permanent residence" <u>See</u> 8 U.S.C. § 1186a(b).  Accordingly, the defendant contends that the conspiracy count is barred because of the passage of time.  In support of his contention, the defendant cites a case which involved an appeal of a decision by the

BIA regarding the revocation of an alien's conditional permanent resident status almost six years after the status was granted. <u>Garay-Mendoza v. Ashcroft</u>, 70 Fed. App'x 625 (3rd Cir. 2003). However, defendant's timeliness argument fails for the same reason as did his first argument: this court has not been asked to review administrative actions or decisions. The defendant is charged with violating a criminal statute. Whether the Attorney General would be within his administrative rights at this time to take administrative action to terminate defendant's conditional permanent resident status is not before the court. The cited case law does not support defendant's contentions and the court is aware of no other authority that jurisdiction is lacking in this criminal case.

Acordingly, defendant's motion to dismiss (Doc. 35) is hereby **DENIED**.

**DONE and ORDERED** this 3rd day of January, 2012.

/s/ Callie V. S. Granade
UNITED STATES DISTRICT JUDGE